# EXHIBIT B

SCHMIDT, ZIMMERMAN & FLEISHMAN
By: Jeffrey I. Zimmerman, Esquire
By: Jeffrey D. Schmidt, Esquire
By: Matthew A. Fleishman, Esquire
Attorney I.D. No. 30600 / 91583 / 316949
261 Old York Road
Suite 707
Jenkintown, PA 19046
(215) 770-7443



Attorneys for Plaintiffs

| | | |
|---|---|---|
| KEVIN HICKS | : | COURT OF COMMON PLEAS |
| 3200 Henry Avenue | | PHILADELPHIA COUNTY |
| Philadelphia, PA 19129 | : | |
| | | NOVEMBER TERM, 2025 |
| v. | : | NO. 2226 |
| | | |
| SEPTA | : | NON-JURY TRIAL DEMANDED |
| 1234 Market Street | | |
| Philadelphia, PA 19107 | : | |
| and | | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION d/b/a Amtrak | | |
| 60 Massachusetts Avenue | : | |
| Washington. DC 20002 | | |

## CIVIL ACTION COMPLAINT

<table>
<tr><td>"NOTICE"</td><td>"AVISO"</td></tr>
<tr><td>You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.</td><td>"Le han demandado en corte. Si usted desea defender contra las demandas dispuestas en las páginas siguientes, usted debe tomar la acción en el plazo de veinte (20) días después de esta queja y se sirve el aviso, incorporando un aspecto escrito personalmente o y archivando en escribir con la corte sus defensas u objeciones a las demandas dispuestas contra usted el abogado le advierte que que si usted no puede hacer así que el caso puede proceder sin usted y un juicio se puede incorporar contra usted compra la corte sin aviso adicional para cualquier dinero demandado en la queja o para cualquier otra demanda o relevación pedida por el demandante. Usted puede perder el dinero o la característica de otra endereza importante a usted.</td></tr>
<tr><td>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>   LAWYER REFERENCE SERVICE<br>   One Reading Center<br>   1101 Market Street<br>   Philadelphia, Pennsylvania  19107<br>   (215) 238-6333</td><td>USTED DEBE LLEVAR ESTE PAPEL SU ABOGADO INMEDIATAMENTE. SI USTED NO HACE QUE UN ABOGADO VAYA A O LLAME POR TELÉFONO La OFICINA DISPUESTA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED LA INFORMACIÓN SOBRE EMPLEAR A UN ABOGADO. SI USTED NO PUEDE PERMITIRSE AL HIRE A UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACIÓN SOBRE LAS AGENCIAS QUE LOS SERVICIOS JURÍDICOS DE LA OFERTA DE MAYO A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGÚN HONORARIO<br><br>   **SERVICIO DE REFERENCIA LEGAL**<br>   **One Reading Center**<br>   **1101 Market Street**<br>   **Filadelfia, Pennsylvania  19107**<br>   **Teléfono (215) 238-6333**</td></tr>
</table>

Case ID: 251102226

1. The Plaintiff, Kevin Hicks, is an adult individual and resides at 3200 Henry Avenue, Philadelphia, PA 19129.

2. The Defendant, SEPTA, is a corporation or other business entity created and existing under the laws of the Commonwealth of Pennsylvania with an office for acceptance of service at 1234 Market Street, Philadelphia, Pennsylvania 19107.

3. The Defendant, National Railroad Passenger Corporation d/b/a Amtrak, is a corporation or other business entity created and existing under the laws of the Commonwealth of Pennsylvania with an office for acceptance of service at 60 Massachusetts Avenue, Washington. DC 20002.

4. The Plaintiff brings this action against the Defendant, SEPTA, pursuant to 42 Pa. C.S.A. §8522 (b)(1).

5. At all times material and relevant to the instant Complaint, the Defendants had and held themselves out as having the experience, expertise and specialized knowledge, ability and skill in the use, maintenance and safe operation of trains, and safe and proper procedures for the safety of their patrons within train and subway stations, and in particular, when individuals fall onto or are otherwise present on the train tracks.

6. At all times material and relevant to this Complaint, the Defendants herein acted through the conduct of their conductors, engineers, security personnel, police officers, agents, servants and/or employees in the course and scope of their employment and/or official duties with the said Defendant for the purpose of safe movement of Defendant's trains into train and/or subway stations.

7. At all times material and relevant to the instant matter, the Defendants, SEPTA, owned, operated, managed, controlled, supervised and was otherwise responsible for the William H. Gray III 30th Street Station, located at 2955 Market Street, Philadelphia, Pennsylvania.

8. At all times material and relevant hereto, the risk of a patron falling onto or otherwise being present upon the train tracks at the William H. Gray III 30th Street Station was known to the Defendants and presented a foreseeable significant risk of harm and serious injury to patrons.

9. At all times material and relevant hereto, the Defendant was required to implement, promulgate, enact and execute rules, regulations, policies, procedures and/or customs related to the monitoring of the train tracks, so as to promptly discover any patrons who would come to be on the said train tracks so as to prevent, mitigate, reduce or otherwise minimize the risk of harm to said patrons.

10. On or about December 10, 2023, at some time prior to 5:50 a.m., the Plaintiff, Kevin Hicks, came to be on the train tracks, specifically the train track designated as 001 WE Platform A Track 2, at the William H. Gray III 30th Street Station.

11. Based on information and belief, the Plaintiff had been present at said location on said train tracks for an extended and prolonged length of time prior to 5:50 a.m., said length of time being sufficient for the Defendants to have discovered and reacted to his present.

12. On or about December 10, 2023, at or about 5:50 a.m., after the Plaintiff had been present at the above said location for an extended and prolonged length of time, he was struck by a SEPTA train, causing him to suffer severe, crippling and ultimately fatal injuries.

13. The negligence and carelessness of the Defendants herein consisted, *inter alia,* of the following:

(a)     failure to immediately apply the train's service brake upon observing the Plaintiff in a position of inescapable peril on the train tracks;

(b)     failure to immediately apply the train's emergency brake upon observing the Plaintiff in a position of inescapable peril on the train tracks;

(c)     failing to properly and adequately monitor, patrol, investigate, make rounds and to otherwise ensure that the train tracks were clear of pedestrians;

(d)     failing to institute and promulgate adequate and sufficient policies, procedures and rules to promptly discover the presence of any pedestrians on the train tracks;

(e)     failing to discover a pedestrian that was present on the ~~surface of the~~ train tracks within a reasonable period of time;

(f)     failing to monitor the video feed from the control center to ensure that the train track was clear of pedestrians;

(g)     failure to place, position, install, utilize and maintain motion detectors activated during all times at which a train is not in the area of the station, to activate an alarm when motion on the tracks is detected by said system;

(h)     use and activation of an automatic braking system for trains when an obstacle is detected on the tracks; and

(i)     failure to take measures to prevent and/or immediately discover and respond to a patron upon the tracks, by all appropriate means, including regularly stationed personnel or regularly conducted security patrols at commuter rail stations and video surveillance of all train tracks.

14.     As the direct and proximate result of this accident, the Plaintiff, Kevin Hicks, has suffered serious and permanent injuries, including injuries to his neck, upper extremities, left arm,

Case ID: 251102226

ribs, pelvis, spine, right leg, lower extremities; internal injuries; contusions and abrasions, severe damage to her nerves and nervous system, and various other ills and injuries.

15. As a further result of this accident, the Plaintiff has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care, and he may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

16. As a further result of this accident, the Plaintiff has suffered an injury which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

17. As a further result of this accident, the Plaintiff has been unable to attend to his daily chores, duties and occupations, and may be unable to do so for an indefinite time in the future.

18. As a further result of this accident, the Plaintiff has or may suffer severe loss of his earnings and impairment of his earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

19. As a direct and reasonable result of the accident, the Plaintiff has and may continue to in the future incur other financial expenses or losses which to which he may otherwise be entitled to recover.

20. As a further result of the accident, the Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, the Plaintiff, Kevin Hicks, demands damages of the Defendants herein in a sum in excess of $50,000.00, plus interest, costs and attorneys fees.

                                      **SCHMIDT, ZIMMERMAN & FLEISHMAN**

                                By: /s/ Jeffrey I. Zimmerman
                                     JEFFREY I. ZIMMERMAN, ESQUIRE
                                     JEFFREY D. SCHMIDT, ESQUIRE
                                     MATTHEW A. FLEISHMAN, ESQUIRE
                                     Attorneys for Plaintiff,
                                     Kevin Hicks

Case ID: 251102226

| | |
|---|---|
| SCHMIDT, ZIMMERMAN & FLEISHMAN<br>By: Jeffrey I. Zimmerman, Esquire<br>By: Jeffrey D. Schmidt, Esquire<br>By: Matthew A. Fleishman, Esquire<br>Attorney I.D. No. 30600 / 91583 / 316949<br>261 Old York Road<br>Suite 707<br>Jenkintown, PA 19046<br>(215) 770-7443 | Attorneys for Plaintiffs |
| KEVIN HICKS           : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v.                    : | |
| SEPTA and             :<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION          : | NOVEMBER TERM, 2025<br>NO. 2226 |

## **VERIFICATION**

I, Jeffrey I. Zimmerman, Esquire, being duly sworn according to law, deposes and says that he is authorized to make this Verification on behalf of the Plaintiff and that the facts set forth in the foregoing Pleading are true and correct to the best of his knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

/s/ Jeffrey I. Zimmerman
Jeffrey I. Zimmerman

Date: January 6, 2026

Case ID: 251102226

SCHMIDT, ZIMMERMAN & FLEISHMAN
By: Jeffrey I. Zimmerman, Esquire
By: Jeffrey D. Schmidt, Esquire
By: Matthew A. Fleishman, Esquire
Attorney I.D. No. 30600 / 91583 / 316949
261 Old York Road
Suite 707
Jenkintown, PA 19046
(215) 770-7443

Attorneys for Plaintiffs

| | | |
|---|---|---|
| KEVIN HICKS | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| v. | : |  |
|  | : | NOVEMBER TERM, 2025 |
| SEPTA and | : | NO. 2226 |
| NATIONAL RAILROAD PASSENGER CORPORATION | : |  |

## CERTIFICATE OF SERVICE

I, JEFFREY I. ZIMMERMAN, Esquire, hereby certify that on this 6th day of January 2025, I served a true and correct copy of Plaintiff's Civil Action Complaint on all counsel of record by electronic filing.

                                                **SCHMIDT, ZIMMERMAN & FLEISHMAN**

                                    By: /s/ Jeffrey I. Zimmerman
                                         JEFFREY I. ZIMMERMAN, ESQUIRE
                                         JEFFREY D. SCHMIDT, ESQUIRE
                                         MATTHEW A. FLEISHMAN, ESQUIRE
                                         Attorneys for Plaintiff,
                                         Kevin Hicks

Case ID: 251102226